IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| CLARENDON NATIONAL INSURANCE<br>COMPANY, a New Jersey corporation, | ) <br> ) <br> ) | |
| Plaintiff-Counterdefendant, | ) | Case No. CV 04-247-E-LMB |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| VICTOR L. PHILLIPS and JOAN PHILLIPS,<br>husband and wife, individually; and VICTOR<br>L. PHILLIPS, as Personal Representative of the<br>ESTATE OF VICTOR WILLIAM PHILLIPS,<br>deceased, | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants-Counterclaimants. | ) <br> ) | |
| _____ | ) | |

Currently pending before the Court are Plaintiff's Motion for Bifurcation, Partial Stay of

Discovery, and Protective Order (Docket No. 78) and Defendants' Motion to Compel (Docket

No. 83). Having carefully reviewed the record, considered oral arguments, and otherwise being

fully advised, the Court enters the following Order.

## I.

## BACKGROUND

The history and background of this action has been previously set forth in prior orders

and will not be restated here.

On May 10, 2005, Clarendon filed the instant Motion for Bifurcation, Partial Stay of

Discovery, and Protective Order (Docket No. 78). This motion essentially arises from a dispute

over requested discovery related to the breach of contract and bad faith counterclaim. The

Phillips served Notices of Deposition Duces Tecum on Clarendon, non-party North American

ORDER -1-

Risk Services ("NARS"), which provides claim adjusting services for Clarendon's policies

(including the Phillips' UIM claims at issue), and Terry Spires, a former employee of NARS.

The Notices of Deposition to Clarendon and NARS are deposition notices pursuant to Federal

Rule of Civil Procedure 30(b)(6).  Further, the Notices call for the depositions to take place at

1212 Idaho Street, Lewiston, Idaho.

On May 26, 2005, the Phillips filed the instant Motion to Compel (Docket No. 83).

Oral argument regarding these motions was heard by the Court on August 30, 2005.  At

the hearing, the Court requested that the parties meet and attempt to reach an agreement on

realigning the parties and/or bifurcating the trial.  *Minute Entry* (Docket No. 89).

On September 1, 2005, counsel for the parties filed a Stipulation, which sets forth the

parties' agreement to divide the case into two subparts, the first relating to the underinsurance

claim, and the second relating to the bad faith claim.  *Stipulation*, pp. 1–2 (Docket No. 90).  The

parties further agree to a schedule for subpart I, with the trial date of May 22, 2006 remaining in

effect.  Importantly, the parties agree that "discovery regarding subpart II would not occur until

the conclusion of subpart I."  *Id*. at 2.  Also, the parties agree to realign such that, in the

continuing litigation, the Phillips will appear as Plaintiffs and Clarendon will appear as

Defendant.  *Id*.  The Court approves the parties' Stipulation in its entirety.

## II.

## MOTION FOR BIFURCATION, PARTIAL STAY OF DISCOVERY, AND

## PROTECTIVE ORDER (DOCKET NO. 78)

### A.    Motion for Bifurcation

In light of the parties' Stipulation to divide the case into two subparts, with the UIM claim being tried first, and the bad faith claim tried thereafter, the Court grants Clarendon's motion for bifurcation.

### B.    Motion for Partial Stay of Discovery

In light of the parties' Stipulation that "discovery regarding subpart II would not occur until the conclusion of subpart I," the Court also grants Clarendon's motion for a partial stay of discovery with respect to the breach of contract and bad faith claims.

### C.    Motion for Protective Order

#### a.    Date and Location Re: Rule 30(b)(6) Witnesses

Clarendon seeks a protective order with respect to the date and location where it must designate and produce Rule 30(b)(6) witnesses in response to the Phillips' Notices of Depositions Duces Tecum.  The notices call for the depositions to take place in Lewiston, Idaho, which is in the Central District of Idaho.  *Notice of Dep. Duces Tecum of Terry Spires*, p. 1 (Docket No. 71); *Notice of 30(b)(6) Dep. Duces Tecum*, p. 2 (Docket No. 72); *Notice of 30(b)(6 Dep.) Duces Tecum*, p. 2 (Docket No. 73).  However, as Clarendon points out, its counsel's office, the courthouse where the trial will occur, and the Phillips' residence are all in the Eastern District of Idaho.  Clarendon asserts, therefore, that it should only have to produce witnesses in the Eastern District of Idaho.

ORDER -3-

"Upon motion by a party or by the person from whom discovery is sought," Rule 26(c) of the Federal Rules of Civil Procedure authorizes the Court to make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "The Supreme Court has interpreted this language as conferring 'broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.'" *Phillips ex. rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

A protective order may issue, however, only "for good cause shown." Fed. R. Civ. P. 26(c). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips*, 307 F.3d at 1210–11. The movant therefore must provide "specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130–31 (9th Cir. 2003) (quoting *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987)); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.") (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986)).

The "good cause" Clarendon asserts is that "it appears to be an undue expense and burden to require [Clarendon's] designated witness(es), who will be traveling from Florida, to appear at Phillips' counsel's office in Lewiston, Idaho; and to also require [Clarendon's] legal counsel to travel there as well." *Plaintiff's Memorandum,* p. 16 (Docket No. 79). The Court recognizes that the Phillips' counsel has conceded that the "dates, times and locations of the

depositions can be altered within reason to accommodate [Clarendon's counsel's] schedule." *Goodell Aff.*, Att. 4 (Docket No. 78).  Further, the Phillips' counsel notes, "[t]he Phillips will likely set these depositions for a video deposition and I would appear telephonically.  The witnesses would not have to be in Pocatello."  *Id*.  In addition, at the August 30, 2005 hearing, the Phillips' counsel reaffirmed that the requested depositions do not need to take place in Lewiston, Idaho.  Thus, Clarendon's fears of "undue expense and burden" have been assuaged, and there is no longer "good cause" for the requested protective order.  Accordingly, Clarendon's motion is denied.

       **b.**      **Non-Party Witnesses**

      Lastly, Clarendon seeks a protective order stating that it has no obligation to designate or produce witnesses for deposition in Idaho or elsewhere who are non-parties, and where the Phillips have alternative means of obtaining such witnesses' deposition testimony if desired by following procedures available and existing under Federal Rules of Civil Procedure 30 and 45.

      The same standard for seeking the protective order as to the date and location of witness depositions applies here.  Therefore, under Federal Rule of Civil Procedure 26(c), the Court is authorized to issue this protective order if required by justice "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).

      It appears that the potential annoyance, oppression, or undue burden, alleged by Clarendon is that the Phillips may not be following the provisions of the Federal Rules of Civil Procedure.  Specifically, Clarendon alleges that Rule 30 does not obligate Clarendon to produce non-parties.  *Plaintiff's Memorandum,* p. 16 (Docket No. 79).  In response, the Phillips allege "Rule 30(b)(6) authorizes Defendants to issue a subpoena to a non-party organization." *Defendant's Memorandum,* p. 3 (Docket No. 84).  Further, the Phillips note, "even if Clarendon

ORDER -5-

has no control over either Terry Spires or North America Risk Services, Defendants request the

Court grant permission to [the Phillips] to issue subpoenas directly to both." *Id.* Therefore, it

appears that the Phillips are no longer asserting that Clarendon is obligated to produce NARS

and Spires. Rather, the Phillips seek to directly subpoena them. Accordingly, any potential

annoyance, oppression, or undue burden is not present and Clarendon's request for a protective

order is denied.

### III.

### MOTION TO COMPEL

On May 26, 2005, the Phillips brought the instant Motion to Compel (Docket No. 83)

requesting the Court compel the three depositions requested pursuant to Federal Rule of Civil

Procedure 30(b)(6) and that the Court grant permission to the Phillips to directly subpoena

Spires and a Rule 30(b)(6) witness from NARS.

However, in the parties' September 1, 2005 Stipulation, the parties agreed that

"discovery regarding subpart II [*i.e.*, the 'bad faith' and 'breach of contract' part] would not

occur until the conclusion of subpart I." *Stipulation*, p. 2 (Docket No. 90). The requested

discovery is related to the breach of contract and bad faith claims, as the Phillips have stated.

*Defendant's Response in Opposition,* p. 2 (Docket No. 86) ("The discovery of evidence critical

to Phillips' breach of contract and bad faith claims is likely to be obtained through these

depositions.").

Therefore, because the discovery that the Motion to Compel addresses relates to the bad

faith claim, and because the parties have stipulated to stay discovery on that claim until after the

conclusion of the UIM claim, the Phillips' Motion to Compel is denied without prejudice.

ORDER -6-

**IV.**

**ORDER**

In accordance with the conclusions stated herein and considering the parties' Stipulation (Docket No. 90), IT IS HEREBY ORDERED:

1.    Clarendon's Motion for Bifurcation, Partial Stay of Discovery, and Protective Order (Docket No. 78) is GRANTED in part and DENIED in part.

    a.    Clarendon's Motion for Bifurcation of the UIM claim and bad faith and breach of contract claims is GRANTED.

    b.    Clarendon's Motion for Partial Stay of Discovery is GRANTED.

    c.    Clarendon's Motion for a Protective Order is DENIED.

2.    Phillips' Motion to Compel (Docket No. 83) is DENIED.

3.    The parties are realigned and the Phillips will be designated as Plaintiffs and Clarendon designated as Defendant.

4.    Pursuant to the parties' Stipulation, the following deadlines shall apply to subpart I, the UIM claim, and the Case Management Order (Docket No. 38) and Scheduling Order (Docket No. 81) are amended and modified as follows:

    a.    <u>Disclosure of Experts:</u>

        (1).    Plaintiffs (Phillips) shall disclose the experts intended to be called at trial on or before **<u>December 1, 2005</u>**.

        (2).    Defendant (Clarendon) shall disclose the experts intended to be called at trial on or before **<u>February 1, 2006</u>**.

        (3).    All rebuttal experts shall be identified on or before **<u>February 17, 2006</u>**.

ORDER -7-

b.    <u>Completion of Discovery</u>: All discovery will be completed by **March 1, 2006**.  This is the deadline for <u>completion</u> of all discovery; it is not a deadline for discovery <u>requests</u>.  Discovery requests must be made far enough in advance of this deadline to allow completion of the discovery by the deadline date.  The parties may, by stipulation, agree to defer some trial-related discovery, such as discovery related to damages issues, until after the Court has ruled on any dispositive issues.

c.    <u>Dispositive Motion Deadline</u>: All dispositive motions shall be filed by **March 31, 2006**.

d.    <u>Trial Date</u>: The trial date of **May 22, 2006** shall remain in effect as to subpart I as set forth in the Scheduling Order dated May 13, 2005 (Docket No. 81).  The pre-trial conference remains set on **May 8, 2006** at 10:00 A.M.

5.    Following resolution of subpart I, the Court will schedule a telephone scheduling conference for the purpose of setting a deadline for completion of discovery and for scheduling subpart II for trial.  The trial scheduled on May 30, 2006 is vacated.  (*See* Scheduling Order, Docket No. 81, which states "[i]n the event this matter is bifurcated, trial for the second portion of this case shall commence on May 30, 2006.").

DATED:  **September 6, 2005**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

ORDER -8-